930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nathaniel WILLIAMS, Plaintiff-Appellant,
v.
C.J. WALKER, Lieutenant, George L. Jones, Sergeant, J.S.
Murray, Officer, Sgt. Ray, State of North
Carolina, North Carolina Department of
Corrections, Defendants-Appellees.
 No. 90-6631.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1990.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-89-822-CRT-BR)
 Nathaniel Williams, appellant pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nathaniel Williams appeals the district court's entry of summary judgment against him on his action brought pursuant to 42 U.S.C. Sec. 1983. We affirm the entry of summary judgment against Williams, but on reasoning different from that of the district court.
 
 
 2
 Williams contended that prison officials violated his due process rights by subjecting him to a prison disciplinary proceeding and by making him serve 30 days in administrative segregation.[1] He was a pre-trial detainee at the time of the challenged disciplinary action, and he argued that this sanction constituted punishment of a pre-trial detainee which is forbidden by Bell v. Wolfish, 441 U.S. 520 (1979). The district court engaged in the analysis outlined in Bell and concluded that the sanction did not amount to punishment.
 
 
 3
 In Bell v. Wolfish, supra, the Supreme Court considered the conditions of confinement to which pre-trial detainees may be subjected. The conditions and restrictions may not rise to the level of punishment because, as detainees, there has not been "an adjudication of guilt in accordance with due process of law." 441 U.S. at 535. The Court set out the analysis to be used to determine whether conditions and restrictions reach the level of punishment.
 
 
 4
 However, Williams was afforded a disciplinary hearing which he conceded met the standards announced in Wolff v. McDonnell, 418 U.S. 539 (1974). Thus, the sanction of segregation was not imposed "prior to an adjudication of guilt in accordance with due process of law." 441 U.S. at 535. See Dzana v. Foti, 829 F.2d 558 (5th Cir.1987) (INS detainee entitled to Wolff v. McDonnell procedural safeguards in connection with disciplinary segregation). William's disciplinary hearing and subsequent confinement in segregation did not violate his due process rights.
 
 
 5
 Accordingly, we affirm the dismissal of this action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Williams filed his complaint pro se and alleged that prison officials had deprived him of his constitutional rights by various actions. These additional allegations either state no constitutional violation or fail to survive the summary judgment motion. Further, because these claims were not included in the amended complaint, which superseded the original complaint, they are no longer at issue. Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir.1982); 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, Sec. 1476 (1990)